119 F.3d 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara I. BLACK, Plaintiff-Appellant,
v.
SEARS, ROEBUCK & COMPANY, a New York corporation, Defendant-Appellee.
 No. 96-35513.
 United States Court of Appeals, Ninth Circuit.
 Argued July 7, 1997.
Submitted July 7, 1997.
Decided July 18, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-92-00388-JJ; John Jelderks, Magistrate Judge, Presiding.
 Before: GOODWIN, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Barbara Black appeals from the district court's re-entry of judgment, after a remand for more complete findings, on her claim under Or.Rev.Stat. § 659.415 for failure to rehire following a compensable work-related injury. We affirm.
 
 
 3
 * Black's first assignment of error is not really an error, as no reversible problem arises even if a district court adopts a party's proposed findings of fact "verbatim." Anderson v. City of Bessemer City, 470 U.S. 564, 571-72 (1985). In any event, here it is obvious that the magistrate judge's 10-page supplemental findings are his own.
 
 II
 
 4
 Black argues that the court clearly erred in finding that her old job of dispatcher wasn't available because it did not exist when she returned to work in 1992. She argues that (1) she was a "greeter-dispatcher" when she left work, so under § 659.415 she was entitled to a greeter job even if they were all filled, and that (2) Prang's explanation that the dispatcher job was eliminated was pretextual.
 
 
 5
 Personnel records and testimony support the court's determinations that Sears had split the greeter and dispatcher functions in the late 1980s, and that Black was a dispatcher. Those findings are not clearly erroneous. To be sure, at least some superiors continued to consider Black a greeter as well as a dispatcher. Black notes that Linnertz wrote in June 1991 that Black's old job had been "filled," which suggests Linnertz had in mind the greeter position, although Linnertz backpedaled somewhat on the stand. And employee evaluations sometimes listed Black as a greeter-dispatcher. However, the court's finding that dispatcher and greeter were different jobs is not clearly erroneous as substantial evidence in the record supports it. See Anderson, 470 U.S. at 573-74.
 
 
 6
 Prang was one of those who considered the two jobs different from each other. He testified in some detail that after he took over management of the Clackamas auto center in August 1990, he eliminated the dispatcher job, removed the dispatcher desk from the sales floor, and divided the dispatcher duties among other employees, but kept the greeter job. He testified that by May 1991, the shop had greeter positions, which were all filled, and commission sales positions, one of which was eventually offered to Black. No one testified differently. "[W]hen a trial judge's finding is based on his decision to credit the testimony of [a witness who] has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Id. at 575. The magistrate judge could fairly find that Black did not get her old job of dispatcher back because, under Prang's management, it no longer existed.
 
 III
 
 7
 Black argues that the court erred in finding that the commission sales job she was offered was "suitable" under the Oregon regulations. We disagree. Although the sales job paid less per hour than Black's old job, the evidence showed that with commissions, salespeople made more on average than dispatchers. There was no evidence that Black wasn't offered the same pay scale as others with similar skills. Black maintains that although she worked 32 hours per week at her former job, she was only offered 15 hours at the new job. However, the record reflects that Black herself asked to work only on Saturdays initially at the sales job, not that Sears limited her to those hours. Finally, Black submits that she wasn't qualified for the sales job. But as Black had held other retail sales positions at Sears and at other stores, and had worked specifically with Sears auto products for several years, we see no reason to doubt the magistrate judge's conclusion that Black "exceeded the minimum standards" for new sales clerks in the auto department and could have done well there. The record supports the conclusion that Black was not denied her § 659.415 rights.
 
 
 8
 AFFIRMED.
 
 
 9
 REINHARDT, Circuit Judge, concurs in the result.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3